Charles JENNINGS,
Claimant/Appellant,

v.

WELSCH HEATING & COOLING,
Employer/Respondent/Cross–
Appellant,

and

Ballwin Heating & Cooling and
Crestside Heating & Cooling,
Employers/Respondents,

and

Treasurer of Missouri as Custodian of
the Second Injury Fund, Additional
Party/Respondent.

Nos. ED 83020, ED 83021.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 2004.

Michael A. Gerritzen, St. Louis, MO, for appellant.

E. Thomas Liese, Edward J. Bippen, John J. Johnson, Jr., Tiffany B. Kieffer, Asst. Atty. Gen., St. Louis, MO, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

### ORDER

PER CURIAM.

Charles Jennings ("Claimant") and Welsch Heating & Cooling ("Welsch") appeal from two awards of the Labor and Industrial Commission ("Commission"), one relating to degenerative conditions of Claimant's neck and back ("Claim 1") and one relating to carpal tunnel syndrome of Claimant's right wrist ("Claim 2"). Claimant contends the Commission erred in: (1) finding Claimant eligible for temporary total disability benefits under Claim 1 but awarding the compensation under Claim 2, (2) awarding permanent partial disability at 5% of the body as a whole referable to the lower back and 20% of the body as a whole referable to the cervical spine, and (3) excluding Exhibit BB–7 which reflected portions of a Social Security form filled out by Claimant. Welsch contends the Commission erred in: (1) awarding temporary total disability benefits, (2) finding that Claimant's exposure at Welsch caused his occupational diseases, and (3) failing to accurately compute Claimant's average weekly wage.

We have reviewed the briefs of the parties and the record on appeal. The award is supported by competent and substantial evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). An extended opinion restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the award pursuant to Rule 84.16(b).